Jeffrey Willis, Esq.
Nevada Bar No. 4797
Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Wayne Klomp, Esq.
Nevada Bar No. 10109
SNELL & WILMER L.L.P.
50 West Liberty St., Suite 510
Reno, Nevada 89501-1961
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
Email: jwillis@swlaw.com
       asorenson@swlaw.com
       wklomp@swlaw.com

*Attorneys for Plaintiff and Counter Defendant Wells Fargo Bank, N.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.;<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; TOWN CENTER VILLAGE COMMUNITY ASSOCIATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited liability company;<br><br>Defendants. | Case No.: 2:15-cv-00577-APG-PAL<br><br>**WELLS FARGO BANK, N.A.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO SFR INVESTMENTS POOL 1, LLC'S COUNTERCLAIM** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association,<br><br>Counter-Defendant. | |

22877398

TOWN CENTER VILLAGE
COMMUNITY ASSOCIATION, a Nevada
non-profit corporation,

      Cross-Claimant,

vs.

ALESSI & KOENIG, LLC, a Nevada
limited-liability company,

      Cross-Defendant.

## MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Counter-Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through undersigned counsel, hereby moves the Court for leave to amend Wells Fargo's answer ("Answer") to Counter-Claimant SFR Investments Pool 1, LLC's Counterclaim ("Counterclaim") to assert the affirmative defense of preemption pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"). A proposed First Amended Answer is attached hereto as Exhibit A. In support of this motion, Wells Fargo submits the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

  Wells Fargo seeks leave to amend its answer to the Counterclaim to add the following affirmative defense: Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an HOA sale from extinguishing the Deed of Trust on the Property and preempts any state law to the contrary. This Court should grant Wells Fargo's motion because the motion is brought in good faith and amending the Answer will not prejudice the Counter-Claimant, SFR Investments Pool 1, LLC ("SFR").

### II. BACKGROUND

  Wells Fargo initiated this litigation seeking declaratory relief that a foreclosure sale conducted by the Town Center Village Community Association ("HOA") did not extinguish the deed of trust recorded against residential property located in Clark County, Nevada. Complaint (Dkt. #1). Before any party responded, Wells Fargo filed its First Amended Complaint pursuant

- 2 -

22877398

to FRCP 15. (Dkt. #12). SFR filed an answer and counterclaim alleging that it purchased the subject property at the HOA foreclosure sale and, through its counterclaim, seeks declaratory relief that it took title to the subject property free and clear of the deed of trust. (Dkt. #17). Wells Fargo filed an answer to SFR's counterclaim and asserted affirmative defenses. (Dkt. #21). Wells Fargo now seeks to assert an additional affirmative defense related to federal preemption of the statute allowing for the HOA foreclosure sale.

### III.   ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts considering motions for leave to amend pleadings "freely give leave when justice so requires." "[T]his mandate is to be heeded." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant . . .—the leave sought should, as the rules require, be 'freely given.'" *Id.*

Leave to amend is left to the discretion of the trial court which "must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, the policy favoring leave to amend is to be applied with "extreme liberality." *Id.* Where a party opposes a motion for leave to amend based on prejudice caused by the amendment, that party bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Wells Fargo seeks to amend its Answer to assert the affirmative defense of preemption that was not raised in the original answer to the Counterclaim, but that Wells Fargo now deems necessary to defend against the counterclaim.

Wells Fargo has not exhibited undue delay, bad faith, or dilatory motive in failing to previously amend its Answer. The deadline to file motions for leave to amend pleadings is November 16, 2015. *See* Order at 1:25 (Dkt. #30). Because Wells Fargo has filed its motion prior to expiration of the court-ordered deadline for motions seeking leave to amend pleadings, the motion is timely. Moreover, the Parties have not yet engaged in written discovery or depositions, and therefore no previously conducted discovery would need to be repeated.

Additionally, the amended answer would not be futile. An amendment "is futile only if no

- 3 -

22877398

set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the proper standard to determine whether an amendment is futile is the FRCP 12(b)(6) standard for failure to state a claim upon which relief can be granted. *Id.* Here, Wells Fargo's affirmative defense is not insufficient. Rather, Wells Fargo is asserting a colorable claim with sufficient facts for Wells Fargo to show that the affirmative defense applies to bar SFR's counterclaim.

### IV. CONCLUSION

For the reasons stated above, Wells Fargo requests leave to file the Amended Answer attached as Exhibit A. SFR is not prejudiced by this request and there has been no undue delay or dilatory motive on the part of Wells Fargo.

Dated: November 16, 2015              SNELL & WILMER L.L.P.

By: */s/ Wayne Klomp*
Jeffrey Willis (NV Bar No. 4797)
Amy F. Sorenson (NV Bar No. 12495)
Wayne Klomp (NV Bar No. 10109)
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: (775) 785-5440
Facsimile: (775) 785-5441

*Attorneys for Plaintiff and Counter Defendant Wells Fargo Bank, N.A.*

No opposition having been filed,

IT IS ORDERED that the Motion for Leave to File First Amended Answer (Dkt. #32) is GRANTED. Wells Fargo shall separately file the Amended Answer (which is attached hereto as Exhibit A) as a separate docket entry forthwith.

Dated this 5th day of February, 2016.

Peggy A. Leen
United States Magistrate Judge

- 4 -

22877398

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2015, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case as follows who have appeared and are registered CM/ECF users will be served by the CM/ECF system:

| | |
|---|---|
| Diana S. Cline, Esq.<br>Howard Kim & Associates<br>1055 Whitney Ranch Drive, Suite 110<br>Henderson, NV 89014<br>diana@hkimlaw.com<br><br>*Attorneys for SFR Investments Pool 1, LLC* | Elizabeth B Lowell, Esq.<br>Pengilly Robbins<br>1995 Village Center Cir., Ste. 190<br>Las Vegas, NV 89134-0562<br>elowell@pengillylawfirm.com<br>*Attorneys for Town Center Village Community Association* |

Steven T. Loizzi, Jr., Esq.
Alessi & Koenig, LLC
9500 W. Flamingo Road, Suite 205
Las Vegas, NV 89147
steve@alessikoenig.com
*Attorneys for Alessi & Koenig, LLC*

DATED: November 16, 2015.

             */s/ Lara J. Taylor*
             An Employee of Snell & Wilmer L.L.P.

22877398

# EXHIBIT A

EXHIBIT A

Jeffrey Willis, Esq.
Nevada Bar No. 4797
Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Wayne Klomp, Esq.
Nevada Bar No. 10109
SNELL & WILMER L.L.P.
50 West Liberty St., Suite 510
Reno, Nevada 89501-1961
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
Email: jwillis@swlaw.com
       asorenson@swlaw.com
       wklomp@swlaw.com

*Attorneys for Plaintiff and Counter Defendant Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.; <br><br> Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; TOWN CENTER VILLAGE COMMUNITY ASSOCIATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited liability company; <br><br> Defendants. | Case No.: 2:15-cv-00577-APG-PAL <br><br><br> **WELLS FARGO BANK, N.A.'S FIRST AMENDED ANSWER TO SFR INVESTMENTS POOL 1, LLC'S COUNTERCLAIM** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company, <br><br> Counter-Claimant, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., a national association, <br><br> Counter-Defendant. | |

- 1 -

22877418

TOWN CENTER VILLAGE
COMMUNITY ASSOCIATION, a Nevada
non-profit corporation,

                Cross-Claimant,

vs.

ALESSI & KOENIG, LLC, a Nevada
limited-liability company,

                Cross-Defendant.

## ANSWER TO COUNTERCLAIM

Counter Defendant, Wells Fargo Bank, N.A. ("Wells Fargo" or "Counter Defendant"), through its counsel, the law firm of Snell & Wilmer L.L.P, hereby submits its Answer to SFR Investments Pool 1, LLC's Counterclaim as follows:

### PARTIES

1. Wells Fargo admits that SFR is a Nevada limited-liability Company with its principal place of business in Clark County, Nevada. Wells Fargo denies the remaining allegations in paragraph 1.

2. Wells Fargo admits that it claims an interest in the Property as beneficiary of record under the deed of trust.

### GENERAL ALLEGATIONS

3. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 3.

4. Wells Fargo admits the allegations in paragraph 4.

5. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 5.

6. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 6.

7. The allegations contained in paragraph 7 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 7 does require a response, Wells Fargo denies.

22877418

8. The allegations contained in paragraph 8 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 8 does require a response, Wells Fargo denies.

9. The allegations contained in paragraph 9 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 9 does require a response, Wells Fargo denies.

10. The allegations contained in paragraph 10 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 10 does require a response, Wells Fargo denies.

11. The allegations contained in paragraph 11 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 11 does require a response, Wells Fargo denies.

12. The allegations contained in paragraph 12 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 12 does require a response, Wells Fargo denies.

13. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 13.

14. Wells Fargo denies the allegations in paragraph 14.

15. Wells Fargo denies the allegations in paragraph 15.

16. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 16.

17. Wells Fargo denies the allegations in paragraph 17.

18. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 18.

19. Wells Fargo denies the allegations in paragraph 19.

20. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 20.

21. The allegations contained in paragraph 21 state legal conclusions for which no

22877418

response is required. Notwithstanding, to the extent paragraph 21 does require a response, Wells Fargo denies.[1]

24. Wells Fargo admits the allegations in paragraph 24.

25. Wells Fargo admits the allegations in paragraph 25.

22. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 22.[2]

23. The Counter Claimant's Notice of Delinquent Assessment (Lien) was not recorded until June 3, 2011, accordingly, neither Wells Fargo nor its predecessor in interest could have had notice of something that did not exist and had not been recorded when it funded the loan at issue. Wells Fargo lacks sufficient knowledge or information to respond to the allegations remaining in paragraph 23, and therefore denies.

24. Wells Fargo admits the allegations in paragraph 24.

25. Wells Fargo admits the allegations in paragraph 25.

26. Wells Fargo admits the allegations in paragraph 26.

27. Wells Fargo admits the allegations in paragraph 27.

28. Wells Fargo admits the allegations in paragraph 28.

29. Wells Fargo admits the allegations in paragraph 29.

30. The allegations contained in paragraph 30 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 30 does require a response, Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 30.

31. The allegations contained in paragraph 31 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 31 does require a response, Wells Fargo denies.

32. Wells Fargo admits that SFR voluntarily dismissed Wells Fargo in Case No. A-13-

---

[1] The Counterclaim skips paragraphs 22 and 23, going directly from 21 to 24. The numbering in this Answer follows the numbering in the Counterclaim.

[2] After paragraph 25, the Counterclaim numbering resets to paragraph 22 and continues from that point. The Answer matches the numbering in the Counterclaim.

- 4 -

22877418

679367-C.  Wells Fargo denies the remaining allegations.

33. Wells Fargo admits the allegations in paragraph 33.

34. Wells Fargo admits the allegations in paragraph 34.

35. Wells Fargo denies the allegations in paragraph 35.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief/Quiet Title Pursuant to NRS 30.010, *et seq.*, NRS 40.010 & NRS 116.3116)

36. Answering paragraph 36, Wells Fargo hereby repeats, re-alleges, and incorporates each of its admissions, denials, or other responses herein.

37. The allegations contained in paragraph 37 state legal conclusions for which no response is required.  To the extent paragraph 37 does require a response, Wells Fargo admits this court has jurisdiction and authority over the claims in the First Amended Complaint and the Counterclaim.

38. Wells Fargo admits the allegations in paragraph 38.

39. Wells Fargo denies the allegations in paragraph 39.

40. Wells Fargo denies the allegations in paragraph 40.

41. Wells Fargo denies the allegations in paragraph 41.

42. Wells Fargo denies the allegations in paragraph 42.

43. The allegations contained in paragraph 43 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 43 does require a response, Wells Fargo denies.

## SECOND CLAIM FOR RELIEF

### (Preliminary and Permanent Injunction)

44. Answering paragraph 44, Wells Fargo hereby repeats, re-alleges, and incorporates each of its admissions, denials, or other responses herein.

45. Wells Fargo admits the allegations in paragraph 45.

46. Wells Fargo denies the allegations in paragraph 46.

47. Wells Fargo denies the allegations in paragraph 47.

22877418

1   48.   Wells Fargo denies the allegations in paragraph 48.

2   49.   Wells Fargo denies the allegations in paragraph 49.

3   50.   Wells Fargo denies the allegations in paragraph 50.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

SFR Investments Pool 1, LLC ("SFR") and its Counterclaims fail to state a claim against Wells Fargo upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Priority)**

SFR took title of the Property subject to the first priority deed of trust, thereby forestalling any enjoinment/extinguishment of the Wells Fargo's interest in the Property.

### THIRD AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

SFR, at all material times, calculated, knew and understood the risks inherent in its situations, actions, omissions, and transactions upon which it now bases its various claims for relief, and with such knowledge, SFR undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

### FOURTH AFFIRMATIVE DEFENSE

**(Commercial Reasonableness)**

The HOA Foreclosure Sale by which SFR took its interest was commercially unreasonable if it extinguished the Deed of Trust as SFR contends. The sales price when compared to the fair market value of the Property demonstrates that the sale was not conducted in good faith as a matter of law, and such a windfall to SFR at the expense of a priority lien-holder is commercially unreasonable.

### FIFTH AFFIRMATIVE DEFENSE

**(Equitable Doctrines)**

Wells Fargo alleges that the SFR's claims are barred by the equitable doctrines of laches

- 6 -

22877418

Snell & Wilmer
L.L.P.
LAW OFFICES
50 WEST LIBERTY STREET, SUITE 510
RENO, NEVADA 89501
(775) 785-5440

and failure to do equity in the matters alleged in the Counterclaim.

## SIXTH AFFIRMATIVE DEFENSE

### (Acceptance)

Wells Fargo asserts that any acceptance of any portion of the excess proceeds does not "satisfy" the amount due and owing on the promissory note and deed of trust and would not constitute a waiver of its rights under the promissory note and deed of trust or statute.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Wells Fargo alleges that by reason of SFR's acts and omissions, SFR has waived its rights and is estopped from asserting the claims against Wells Fargo.

## EIGHTH AFFIRMATIVE DEFENSE

### (Due Process Violations)

The foreclosure sale pursuant to statute through which SFR claims an interest in the Property violated Wells Fargo's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and relevant portions of the Nevada Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Mitigation)

SFR failed to mitigate, minimize, or otherwise avoid its losses, damages, or expenses.

## TENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

SFR has acted in bad faith and is entitled to no damages as a result.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

SFR has unclean hands and should be barred from bringing this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to SFR's allegations, Wells Fargo's actions were taken in good faith, for legitimate purposes, and for just cause, and at no time did Wells Fargo act wrongfully or with

22877418

malice or reckless indifference toward SFR's purported rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Wrongful Foreclosure)

The foreclosure through which SFR alleges it obtained an interest in the Property was conducted in violation of Nevada law and is void.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Public Policy)

The claims contained in the Counterclaim violate Nevada's well-established homeowner protection laws and violate Nevada's public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Property Clause)

The actions of SFR and other relevant entities in conducting the HOA Foreclosure Sale did not operate to extinguish the deed of trust pursuant to the Property Clause of the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Supremacy Clause)

The actions of SFR and other relevant parties violate the Supremacy Clause of the United States Constitution and the actions are void.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an HOA sale from extinguishing the Deed of Trust on the Property and preempts any state law to the contrary.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Pursuant to Rules 11 and 12 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged insofar as sufficient facts are not available after reasonable inquiry upon the filing of SFR's Counterclaim. Therefore, Wells Fargo reserves the

- 8 -

22877418

right to amend this Answer to allege additional affirmative defenses and claims, counterclaims, cross claims, or third-party claims, as applicable, upon further investigation and discovery.

## **PRAYER**

WHEREFORE, Counter Defendant Wells Fargo prays for judgment as follows:

1. That the Court make a judicial determination that the deed of trust is superior to Counter Claimant SFR's claim of title;

2. That the Court make a judicial determination that the deed of trust survived the HOA Foreclosure Sale;

3. That the Court make a judicial determination that Counter Claimant SFR took title subject to the deed of trust;

4. That Counter Claimant SFR recover nothing on account of its Counterclaim;

5. For reasonable attorney's fees and costs; and

For any such other and further relief as the Court may deem just and proper in the case.

Dated: November 16, 2015          SNELL & WILMER L.L.P.

By:  */s/*     Wayne Klomp
Jeffrey Willis (NV Bar No. 4797)
Amy F. Sorenson (NV Bar No. 12495)
Wayne Klomp (NV Bar No. 10109)
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: (775) 785-5440
Facsimile: (775) 785-5441

*Attorneys for Plaintiff and Counter Defendant Wells Fargo Bank, N.A.*

- 9 -

22877418